IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANK C JOHNSON, JR et al.,

    Plaintiff,

v.                                                          CASE NO. 1:11-cv-177-SPM-GRJ

P ROISER, et al.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' *pro se* motion for leave to file complaint, motion for leave to proceed as a pauper (Doc. 1), and motion for leave to file amended complaint (Doc. 2.)  Also pending are Plaintiff's Motion for Leave to File Letter to Greenspoon Marder PA (Doc. 3); Motion for Leave to File Motion for Court to Take Judicial Notice (Doc. 4); and Motion for Leave to File Motion for Ruling (Doc. 4).

For the reasons discussed below, it is respectfully **RECOMMENDED** that the Motion to Proceed *In Forma Pauperis* (Doc. 1) should be **DENIED**, this case should be **DISMISSED**, and all other pending motions should be **DENIED** as moot.

### I.  BACKGROUND

Mr. Johnson previously has been designated as an abusive filer in this Court for his repeated filing of frivolous claims followed by numerous meritless motions in each case.  The Court previously has revoked Mr. Johnson's IFP privilege and directed the court to refuse any case opening filings from Plaintiffs without full payment of the filing fee in advance.  *Johnson v. Irby*, Case No. 1:09-cv-00003-MP-AK (N.D. Fla. July 8,

2009), *affirmed* No. 09-13544, 2010 WL 4721625 (11th Cir. Nov. 23, 2010); *see also* *Johnson v. Wilbur*, Case No. 1:08-cv-38-MP-AK (N.D. Fla. Dec. 9, 2008), *affirmed* 375 Appx. 960 (11th Cir. April 22, 2010) (designating Mr. Johnson as an abusive filer and directing him to file a 3-page or less motion for leave to file a complaint which must be granted before any filings are accepted). These directives were issued in effort to curb Mr. Johnson's continued abuse of this Court's scarce judicial resources with frequent filings that are unintelligible and meritless. It should also be noted that in Case No. 1:09-cv-38-MP-AK, Judge Paul sanctioned Mr. Johnson $350.00 and directed that "no further filings of any kind" be accepted until the sanction is paid. (Doc. 29, December 9, 2008.) From a review of the docket, it appears that Mr. Johnson has failed to pay the $350 in sanctions.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiffs initiated the action by filing a 22-page complaint titled as a motion for leave to file complaint (Doc. 1.) Plaintiffs have not paid the filing fee but have moved for leave to proceed *in forma pauperis*. (Doc. 1.) Plaintiffs, by way of 36-page, mostly illegible motion for leave to file amended complaint, have sued Circuit Court Judge Phyllis Rosier, the law firm of Greenspoon Marder PA, and Alachua County Sheriff Sadie Darnell. (Doc. 2.) Although much of the proposed amended complaint is indecipherable, it appears that Plaintiffs contend that Judge Rosier improperly entered an order on July 22, 2011 directing the removal of Plaintiffs from their home pursuant to foreclosure proceedings. Plaintiffs allege that Sheriff Darnell conspired with Judge Rosier by sending her deputies to execute Judge Rosier's order directing removal of Plaintiffs from their home. The allegations against Greenspoon Marder PA appear to

stem from what Plaintiffs perceive as an improper substitution of counsel.  Plaintiffs' claims appear to be rooted in state claims of negligent infliction of emotional distress.  Plaintiffs' "Statement of Claims" also recites a list of purported legal bases for their claims, including: 42 U.S.C. § 1981; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; section 21 of the Florida Constitution; the Fourteenth Amendment; title 454.18; and Fla. Stat. § 28.13 and 28.14.  Plaintiffs seek damages and costs.

### III.  DISCUSSION

**A.  Failure to pay sanctions and failure to pay the filing fee in advance**

Plaintiffs have failed to pay the full filing fee in advance, as previously ordered by this Court when it revoked Mr. Johnson's IFP privilege.  In Case. No. 1:09-cv-00003-MP-AK, Senior District Judge Paul expressly ordered that "The Clerk is directed to refuse any case opening filings from Mr. Johnson or the Johnsons together without full payments of the filing fee in advance." (Doc. 45, July 8, 2009).  However, this procedure was not followed and instead the case was opened and the Court, once again, must expend valuable and scarce judicial resources reviewing Plaintiff's frivolous complaint.  In addition, a review of the docket indicates that on December 9, 2008, Judge Paul sanctioned Mr. Johnson in the amount of $350.00 for disregarding previous orders of the Court and prohibited further filings until the sanction was paid.  It does not appear that Mr. Johnson ever paid the $350.00 sanction. *Johnson v. Wilbur,* Case No. 1:08-cv-00038-MP-AK (N.D. Fla. December 9, 2008).  In accord with this Court's prior orders, the motion for leave to proceed as a pauper (Doc. 1) should be denied and the case dismissed**.**

**B.  Failure to state a claim**

In addition to the fact that the case should be dismissed for failing to pay the sanctions and for failure to pay the full filing fee in advance, the case is due to be dismissed as frivolous and for failure to state a claim.

A claim is frivolous if it is based on an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 317 (1989). This circuit has defined a frivolous appeal under section 1915 as being one  'without arguable merit.'" *Harris v. Menendez,* 817 F.2d 737, 739 (11th Cir.1987) (quoting *Watson v. Ault*, 525 F.2d 886 892 (5th Cir.1976)). 'Arguable means capable of being convincingly argued. "*Moreland v. Wharton,* 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting Menendez*, 817 F.2d at 740 n. 5); *see Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are slight).

A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A. The complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts v. Florida International University,* 495 F.3d 1289, 1295 (11th Cir. 2007). This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the required element. *Twombly*, 550 U.S. at 570.  In reviewing the dismissal of a complaint under the 28 U.S.C. 1915A(b)(1), this court accepts allegations in the complaint as true, and pro se pleadings are liberally

construed. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).

Judge Rosier is entitled to absolute judicial immunity. The facts alleged by Plaintiffs in the complaint relate to actions taken by Judge Rosier in her role as judge. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Plaintiffs contend that Judge Rosier did not have jurisdiction because the case, No. SC11-612, was still pending before the Florida Supreme Court when Judge Rosier's order was entered on July 22, 2011, and therefore she is not entitled to absolute judicial immunity. However, based on documents filed with the Court by Plaintiffs as well as unpublished opinion of the Florida Supreme Court, Case No. SC11-612 was dismissed June 15, 2011 and did not relate to the foreclosure action but instead appears to be an action where Mr. Johnson sought "to compel the district court clerk to accept his filings." *Johnson v. The Bank of New York Mellon Trust Company*, 70 So.3d 587 (Fla. 2011) (table). Accordingly, Judge Rosier is entitled to absolute judicial immunity.

Sheriff Darnell is also immune from suit. If sued in her official capacity, the Eleventh Amendment bars suits against state employees for monetary relief in their official capacity. *Kentucky v. Graham,* 473 U.S. 159, 169 (1085); *Hobbs v. E.E. Roberts,* 999 F. 2d 1526, 1529-30. If sued in her individual capacity, the claim against Sheriff Darnell is frivolous because (1) Plaintiffs do not allege that she personally participated in depriving them of their constitutional rights; and (2) she is entitled to qualified immunity in this suit for damages. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th

Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Plaintiffs have failed to allege any facts suggesting that their constitutional rights have been violated and have failed to even identify any provision of the Constitution that was violated.  Consequently, Sheriff Darnell would be entitled to qualified immunity.  Plaintiff's claims against Sheriff Darnell under § § 1985 and 1986 fail because Plaintiffs have failed to allege facts that would support an inference that Sheriff Darnell conspired with someone or failed to stop others from conspiring against Plaintiffs.  *Twombly,* 550 U.S. at 570.

Finally, the law firm Plaintiffs have named are not proper defendants in a federal civil rights lawsuit.  Because the law firm is a private business apparently involved in representing one of the parties in Plaintiffs' foreclosure proceedings the law firm was not acting under color of state law and therefore is not a state actor for purposes of a federal civil rights lawsuit. *See, e.g., Harvey v. Harvey*, 949 F. 2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978).

## IV.  RECOMMENDATION

 For these reasons, it is respectfully **RECOMMENDED** that:

1.  The Motion to Proceed *In Forma Pauperis* (Doc. 1) be **DENIED.**

2.  This cause should be **DISMISSED**.

3.  Plaintiff's Motion for Leave to File Letter to Greenspoon Marder PA (Doc. 3); Motion for Leave to File Motion for Court to Take Judicial Notice (Doc. 4); and Motion for Leave to File Motion for Ruling (Doc. 5) be **DENIED** as moot.

4.  The **Clerk** should again be directed to refuse any case opening filings from

*Case No: 1:11-cv-177-SPM-GRJ*

Plaintiffs without full payment of the filing fee in advance.

At Gainesville, Florida, this 1st day of December 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**